UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:   Case No. 16-22214-LMI
  Chapter 7
Jorge E. Ramirez,

Debtor.
_____/

## JOINT MOTION TO COMPROMISE CONTROVERSY

**Any interested party who fails to file and serve a written response to this Motion within 21 days after the date of service stated in this Motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this Motion. Any scheduled hearing may then be canceled.**

Come now, Drew M. Dillworth, as Chapter 7 Trustee of the Bankruptcy Estate of Jorge E. Ramirez (hereinafter "Trustee") and Jorge E. Ramirez (hereinafter "Debtor"), hereby file and serve this instant *Joint Motion To Compromise Controversy*, and state the following in support thereof:

1. Debtor filed a voluntary petition in bankruptcy, under Chapter 7 of Title 11 of the United States Code, and an order for relief was entered on September 1st, 2016.

2. Drew M. Dillworth is the duly-appointed and permanent Trustee in these proceedings.

3. The Trustee has conducted discovery, formal and informal, and otherwise has concluded his due diligence.

4. The Debtor has also listed and disclosed the following property interests in his Bankruptcy Schedules:

  a. Real Property located at 5471 SW 144th Street, Miami, FL 33175 (the "Homestead"), valued at $243,223.00 (with liens totaling $191,452.54), and declared the Homestead as exempt on Schedule "C";

1

  b. 2011 Chevrolet Traverse Utility 4D Sienna ( "SUV") valued at $12,851.24.00 (with liens totaling $8,605.02), and $4,246.22 of which was claimed as exempt;

  c. 2007 Mercedes Benz ("Sedan") valued at $15,835.03 (with liens totaling $16,930.36);

  d. 1997 Chevrolet Astro Van ("Van") valued at $800.00, and claimed as exempt.

  e. Firearms Barrett ("Barret") valued at $150.00;

  f. Bank of America Business Checking Account #2437 (the "Business Checking") valued at $66.48, and claimed as exempt.

  g. Bank of America Checking Account #6765 (the "BOA Checking") valued at $51.94, and claimed as exempt.

  h. Ocean Bank Checking Account #9706 ("Ocean Bank Checking") valued at $971.13 and $485.572 of which was claimed as exempt;

  i. Bank of America Savings Account #9271 (the "Savings") valued at $0.00;

  j. Household Goods & Furnishings ("HHG") valued at $7,420.00, and claimed as exempt;

  k. Miscellaneous Clothing ("Clothing") valued at $60.00, and claimed as exempt;

  l. Miscellaneous Jewelry ("Jewelry") valued at $350.00 and $341.98 of which was claimed as exempt;

  m. Cash (the "Cash") valued at $20.00, and claimed as exempt;

  n. Business Equipment and Tools ("Tools") valued at $2,000.00 and $511.54 of which was claimed as exempt;

 5. Debtor's total listed unsecured indebtedness on Schedule F is $128,065.71. [*See* DE#1].

6. Debtor and Trustee have negotiated in good faith and have agreed to the following terms of this Agreement to resolve their differences.

7. More specifically the Debtor have offered, (and the Trustee has accepted, subject to approval by this Court), to resolve their differences by agreeing to pay the Estate/Trustee the sum total of $30,000.00 [the "Settlement Sum"] in United States Currency under the terms and conditions set forth herein, and as otherwise approved and directed by the Court, but which would include:

   a. Payment to the Trustee of the total sum of $30,000.00 [the "Settlement Sum"] in separate payments, but totaling the sum of $30,000.00 on or before February 1st, 2019, as structured herein-below;

   b. Specifically, the Settlement Sum shall be paid on or before the time periods indicated herein-below, but no later than, and in sums no less than, as follows:

      i. first initial payment of $7,000.00 on or before October 1st, 2017.

      ii. equal monthly payments of no less than $1,533.33 per month commencing on or before December 1st, 2017 and continuing monthly thereafter on or before the 1st day of each following month through January 1st, 2019; and, a final payment in the amount of $1,533.38 on or before February 1st, 2019.

      iii. All payments for the above Settlement Sum shall be made payable to "**Drew M. Dillworth as Trustee**", and delivered on or before the due date(s) (with time being of the essence for all payments hereunder) to James B. Miller, Esq., JAMES B. MILLER, P.A., 19 West Flagler Street, Suite 416, Miami, FL 33130; and, the mailbox rule shall not apply to any payments hereunder, with time being of the essence for each payment set forth above.

3

8. In exchange for the above-referenced consideration from Debtor to Trustee, and timely and full compliance with this Agreement by the Debtor, the Trustee, agrees to: i) allow Debtor's discharge (subject to the default provisions herein); ii) allow Debtor's claimed exemptions; and, iii) abandon any interest in the equity of any non-exempt assets duly-scheduled on Schedules A and B of the Debtor's Schedules [DE#1].

  c. Any asset not specifically resolved, transferred, or abandoned, as set forth in this Agreement is not resolved, transferred, or abandoned by the Trustee. The resolution, transfer or abandonment is subject to payment in full hereunder and the default provisions set forth below.

  d. Debtor waives any and all claims against the Trustee/Estate.

9. <u>Default Provisions</u>: Should Debtor default in failing to timely remit any or all of the Settlement Sum as set forth above, Debtor shall have five (5) business days' notice of default ("Cure Period") sent directly to his counsel (Jose Blanco, Esq. via email at jblanco@bankruptcy.com), and absent curing the default within said Cure Period, Debtor agrees herein that: i) Debtor waives any and all claimed exemptions, other than his current Homestead Exemption, and the Bankruptcy Court shall enter an order at the request of the Trustee (on an *ex parte* basis) finding that the claimed exemptions are disallowed in their entirety, that same are property of the Bankruptcy Estate, and directing immediate surrender and turnover of same to the Trustee; ii) Debtor shall immediately surrender and turnover his non-exempt assets to the Trustee; iii) all payments made hereunder shall not be applied to any indebtedness owed relating to the non-exempt assets as same shall be deemed payment for the time value of money to the Trustee; and, iv) the Trustee shall be entitled to a judgment/order denying/revoking the Debtor's bankruptcy discharge forthwith (after notice and hearing) and Debtor shall not defend (directly or indirectly) said action to deny/revoke his discharge – the Trustee may file an action to deny/revoke or otherwise simply file a motion to revoke the Debtor's discharge, at the Trustee's option, and Debtor consents to motion practice for such purpose.

4

10. Jurisdiction: The Bankruptcy Court in Case No. 16-22214-LMI shall continue to retain sole and exclusive jurisdiction over the parties hereto, the terms of this Agreement, any Orders arising therefrom, and any and all disputes and issues arising out of or relating to this Agreement and any orders relating thereto.

11. **ABATEMENT OF ENTRY OF ORDER OF DISCHARGE**: NO ORDER OF DISCHARGE SHALL ISSUE OR OTHERWISE BE ENTERED IN FAVOR OF THE DEBTORS UNLESS AND UNTIL THE SETTLEMENT SUM HAS BEEN TIMELY REMITTED IN FULL TO THE TRUSTEE; AND, ONLY AFTER A NOTICE OF COMPLIANCE HAS BEEN FILED BY THE TRUSTEE INDICATING TIMELY PAYMENT THEREOF.

12. Continued Cooperation:  Debtor shall also continue to cooperate with the Trustee to collect assets for the benefit of the estate and to provide whatever other assistance is requested by the Trustee, including providing information and/or assistance relating to objections to claims and recovery of assets.

13. Approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion. *See, In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988). The test for the Court to consider whether or not to approve a settlement or compromise is whether the proposed settlement/compromise "falls below the lowest point in the range of reasonableness." *See, id.* at 891.

14. The Trustee believes, under his business judgment that this Settlement Agreement is in the best interests of the Estate and that it falls above the lowest point in the range of reasonableness for approval purposes, and the Trustee requests entry of an order approving same in its entirety.

15. The proposed Settlement is contingent upon the Court's approval. A Bankruptcy Judge may approve a settlement in a liquidation proceeding if the settlement is in the estate's best interest. *In Re American Reserve Corporation*, 841 F.2d 159, 161 (7th Cir. 1987); *In Re Monoray Group*, 73 B.R. 630, 635

(Bankr. M.D. Fla. 1987). The approval of settlement is within the discretion of the Court. *In Re Arrow*, 85 B.R. 886, 890-891 (Bankr. S.D. Fla. 1988).

16. When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In Re Justice Oaks II, Ltd.*, 898 F.2d, *cert. denied*, 498 U.S. 959 (1990).

## Application Of Factors

### I. The Probability of Success of the Litigation

In the instant matter, the Trustee would likely prevail on an objection to exemptions and believes he would have at least a 50% chance of prevailing as to an objection to the Debtor's discharge, if Debtor defaults after court-approval. However, Debtor disputes same.

### II. The Difficulties, if any, to be Encountered in the Matter of Collection.

Collection efforts could be problematic as the reality is that the case becomes one not of collection but of cost benefit for the costs of litigating incurred by the Estate.

As such it is believed that the case could become administratively insolvent should the Trustee further pursue any litigation.

### III. The Complexity of the Litigation Involved, and the Expense, Inconvenience and Delay Necessarily Attending It.

The existence of this factor in this case is self-evident. The Trustee would have to carry the burden on each and every element of his case and also have to incur substantial fees and costs in litigating the denial of the Debtor's discharge and objection to the claimed exemptions.

6

## IV. The Paramount Interest of Creditors and a Proper Deference to Their Reasonable View in the Premises.

The Settlement with the Debtor would result in a modest settlement ($30,000.00) for the benefit of the creditors of this Estate. This amount is within the range of reasonable expectation of the recovery the Trustee believes he could obtain for purposes of liquidating non-exempt assets and recovering alleged fraudulent transfers. Administrative costs would be consumed for the potential of any recovery against the Debtor in the Adversary Proceeding and certainly would leave an administratively insolvent estate.

Quite simply, the Settlement proceeds in this matter represent a reasonable return on what the Trustee perceives to be a valid basis for recovery of potential assets.

The Trustee, in the sound exercise of his business judgment, believes that the Settlement is fair and reasonable and in the best interests of the Estate. As such, the Trustee believes that the Settlement Agreement should be approved by the Court.

WHEREFORE, the Trustee and Debtor request entry of an order, substantially in the form attached hereto, approving this Settlement and for such other and further relief this Court deems equitable and just.

I HEREBY CERTIFY that true and correct copy of the foregoing Motion with the proposed order were served *via* United States mail this  31st  day of August, 2017 upon those named on the attached service list; and *via* CM/ECF in pdf format by the Court on those named below simultaneously with the filing of this *Motion*.

I HEREBY CERTIFY that I am admitted to the Bar for the District Court in and for the Southern District of Florida and am in compliance with the additional qualifications to practice before this Court as set forth in Local Rule 2090-1(A).

7

Dated: August __31__, 2017.

Trustee's counsel
19 West Flagler Street, Suite 416
Miami, FL 33130
Tel. No. (305) 374-0200
Fax. No. (305) 374-0250
Email: jbm@title11law.com

/s/ James B. Miller
JAMES B. MILLER, ESQ.
Fla. Bar No. 0009164

THE PARTIES (DEBTOR and TRUSTEE) HAVE READ THE FOREGOING AND AGREE TO THE TERMS AND STATEMENTS MADE THEREIN, AND HAVE HAD THE OPPORTUNITY TO HAVE THIS MATTER REVIEWED BY LEGAL COUNSEL PRIOR TO EXECUTING SAME.

_____
JORGE E. RAMIREZ
DEBTOR

_____
DREW M. DILLWORTH
TRUSTEE

AGREED AS TO FORM BY COUNSEL:

_____
JOSE BLANCO, ESQ.
DEBTOR'S COUNSEL

_____
JAMES B. MILLER, ESQ.
TRUSTEE'S COUNSEL

8

CM/ECF Service List:

Drew M Dillworth
ddillworth@swmwas.com, ddillworth@ecf.epiqsystems.com;marocha@stearnsweaver.com

Taji S Foreman on behalf of Creditor JPMorgan Chase Bank, N.A.
tforeman@kahaneandassociates.com, bkecf@kahaneandassociates.com

James B Miller on behalf of Trustee Drew M Dillworth
bkcmiami@gmail.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Robert Sanchez, Esq on behalf of Debtor Jorge E. Ramirez
court@bankruptcyclinic.com, courtECFmail@gmail.com